## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SHAUN LOVELL FRANKLIN HURST,** | ) ) ) |
| Petitioner, | ) ) ) |
| v. | ) ) **Case No. CIV 21-308-RAW-KEW** |
| **SCOTT CROW, DOC Director,** | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

This matter is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2254 (Dkt. 13). Petitioner, who is represented by counsel, is a state prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at Lawton Correctional Facility, a private prison in Lawton, Oklahoma. He is attacking his conviction in Muskogee County District Court Case No. CF-2016-872 for Lewd or Indecent Proposals to a Child Under Sixteen (Count 1); Assault with a Dangerous Weapon (Count 2); Endangering Others While Eluding/Attempting to Elude Police Officer (Count 3); and Destroying Evidence (Count 4). He raises the following three grounds for relief:

   I.   The trial attorneys were prejudicially ineffective due to his [sic] failure to adequately and reasonably and meaningfully communicate with the Petitioner/Defendant before the trial in this matter. (Dkt. 2 at 28)

   II.  Petitioner's trial attorneys made unreasonable and improper promises and assurances to the Petitioner, affirmative mis-advice, negligent wrong advice and lack of advice, preventing Hurst from negotiating a plea and avoiding trial. (Dkt. 2 at 46).

> III. The state of Oklahoma trial court lacked jurisdiction to try, convict and sentence the Petitioner as the sting operation was conducted on Indian land without permission of the controlling Indian Tribe[s]. (Dkt. 2 at 48).

Respondent has filed a motion to dismiss the petition, alleging Petitioner has failed to exhaust his necessary state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A). "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The Court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

There is an exception to the exhaustion requirement if exhaustion would be futile, but it is the petitioner's burden to so prove. *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (citing *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981)). To prove exhaustion of the claim would be futile, Petitioner must show "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." *Selsor*, 644 F.3d at 1026 (quoting 28 U.S.C. §§ 2254(b)(1)(B)(i), (ii)).

The record shows that Petitioner raised none of his three habeas grounds in his direct appeal to the Oklahoma Court of Criminal Appeals in Case No. F-2018-332 (Dkt. 14-4). He, instead, presented the following eight propositions for relief:

> Proposition One: Defense counsel was ineffective in violation of [Petitioner's] rights under the First, Fifth, Sixth, and Fourteenth Amendments for failing to move to quash Count One of the criminal Information which merely stated the statutory elements but included no facts; for failing to quash the bindover; and failing to file a motion in limine regarding protected speech because the state provided no notice as to the conduct for which [Petitioner] was charged. (Dkt. 14-4 at 20).

> Proposition Two: The trial court erred when it denied [Petitioner's] demurrer to the evidence, motion for judgment notwithstanding the verdict and motion for a new trial on Count One in violation of [Petitioner's] Due Process rights because the State did not identify the specific conduct that formed the basis of the charge and did not prove each statutory element beyond a reasonable doubt; accordingly, the crucial elements of the statute were non-existent, [Petitioner] is not guilty of Count One and relief is warranted. (Dkt. 14-4 at 26).

> Proposition Three: [Petitioner's] protected speech on a public website; the entirety of the offense charged flowed from this illegal suppression of constitutionally protected speech; and the likelihood that the jury considered

3

>the protected speech in rendering its verdict is substantial; accordingly, the verdict is unjust and relief is warranted. (Dkt. 14-4 at 33).
>
>Proposition Four: Defense counsel was ineffective in violation of [Petitioner's] rights under the First, Fifth, Sixth, and Fourteenth Amendments for failing to object to the charging statute as void for vagueness as applied to [Petitioner] because the State was unable to articulate, much less prove beyond a reasonable doubt, any facts that constituted a violation pursuant to the statute; accordingly, relief is warranted. (Dkt. 14-4 at 39).
>
>Proposition Five: *Arguendo*, the trial court erred by failing to grant the motion for new trial because [Petitioner] should have been charged with Attempt and trial counsel was ineffective for failing to ask for an Attempt instruction; accordingly, relief is warranted. (Dkt. 14-4 at 49).
>
>Proposition Six: The trial court erred in rejecting [Petitioner's] proffered Entrapment instruction because unlike every instance of undercover internet investigations, Deputy Jackson *initiated* contact with Petitioner, Jackson improperly targeted Petitioner's lawful speech aimed at like-thinking adults, Jackson improperly and falsely solicited [Petitioner] who was not predisposed to commit a crime, and but for Jackson's illegal interference, this matter would not be before the court. (Dkt. 14-4 at 52).
>
>Proposition Seven: *Arguendo*, the trial court erred by failing to grant the motion for new trial because [Petitioner] should have been charged with a lesser included instruction of Use of an Electronic Device to Make an Indecent Proposal. (Dkt. 14-4 at 55).
>
>Proposition Eight: Trial counsel was ineffective pursuant to the First, Fifth, Sixth, and Fourteenth Amendments for failing to advise [Petitioner] that he had an absolute right to testify, and [Petitioner], who wanted to testify, never waived that right, and the trial court erred in failing to insure [sic] that [Petitioner] knowingly and voluntarily waived that right. (Dkt. 14-4 at 56).

(Petitioner's Direct Appeal Brief) (altered to remove capitalization).

The Oklahoma Court of Criminal Appeals affirmed Petitioner's Judgment and Sentence in *Hurst v. State*, No. F-2018-332 (Okla. Crim. App. July 23, 2020), and Petitioner

did not pursue a certiorari appeal in the United States Supreme Court. He also did not file an application for post-conviction relief.

Petitioner asserts in his brief that his "State Court remedies have been exhausted for purposes of this Petition" (Dkt. 2 at 6), however, that clearly is not the case. He subsequently contends in his response to the motion to dismiss that because of the "unusual and convoluted history and circumstances created by the prejudicial ineffective assistance of his State Court Counsel," he and his habeas counsel found themselves "in an impossible Constitutional and procedural position" with three options (Dkt. 17 at 2):

> (a) Choose to attempt to re-litigate the ineffective assistance of counsel issues with more detail and sub-parts, in the Oklahoma State Courts in an attempt to avoid allegations of failure to exhaust state remedies, risking "attacks" that the claims are successive or are barred by res judicata or the law of the case (Dkt. 17 at 2-4);
>
> (b) Choose to try to avoid exhaustion claims by only raising the issues presented in the direct appeal, thereby relying on the same allegedly ineffective lawyers whose representation Petitioner is attacking (Dkt. 17 at 4-5); or
>
> (c) Choose to file his present federal habeas petition based on the fact that the ineffective assistance of counsel claims had been "clearly raised, contested, considered and decided" by the trial court and the OCCA (Dkt. 17 at 5-6). Petitioner asserts that under this option, this Court could stay and

5

abate this action to allow him to pursue a prompt post-conviction application in the state courts to raise the ineffective assistance of counsel claim with more specificity and detail, without suffering the one-year statute of limitations under 28 U.S.C. § 2244(d).

While Petitioner urges the Court to enter a stay and abeyance so he can exhaust his claim of ineffective assistance of trial counsel, the Court finds such action is not warranted. The Court, instead, finds that dismissal of Petitioner's petition without prejudice, as opposed to a stay and abeyance, is the appropriate action in this instance.

In *Rhines v. Weber*, 544 U.S. 269, 277-79 (2005), the Supreme Court examined a "mixed petition," *i.e.*, a petition containing both exhausted and unexhausted claims, and determined that in limited circumstances a court can issue a stay and abeyance to allow a petitioner to exhaust his claims in state court. The petition before this Court, however, is not a "mixed petition," because it contains no exhausted claims. *See Montgomery v. Garfield Cty. Jail*, No. CIV-13-1135-C, 2014 WL 174597, at *2 (W.D. Okla. Jan. 13, 2014) ("As the instant Petition is not a 'mixed petition,' the stay-and-abeyance procedure established in *Rhines* . . . is not appropriate."). In addition, Petitioner has not shown good cause for his failure to exhaust. *See Rhines*, 544 U.S. at 277 ("[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.."). Therefore, the Court finds the petition should be dismissed for failure to exhaust state court remedies.

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). He also has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 13) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 2nd day of August 2022.

Ronald A. White
United States District Judge
Eastern District of Oklahoma